UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN BURNS, | : CIVIL ACTION NO. |
| | : 3:01CV1442 (AVC) |
| PLAINTIFF, | : |
| | : |
| VS. | : |
| | |
| TOWN OF SOUTHBURY, | |
| AND IN THEIR INDIVIDUAL | |
| AND OFFICIAL CAPACITIES | |
| ALFIO A. CANDIDO, JR., | |
| FIRST SELECTMAN; JOSEPH | |
| FROEHLICH, CONNECTICUT | |
| STATE TROOPER; | |
| DEFENDANTS | : April 19, 2004 |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**    August 1, 2001

**Date Complaint Served 3:01CV1442 (AVC:**    August 8, 2001

**Date of the Defendants' Appearances 3:01CV1442 (AVC):**

Appearance filed August 23, 2001, by Attorney Karen Fritzinger for Sergeant Joseph Froehlich.

Appearance filed August 30, 2001, by Attorney James Sconzo for the Town of Southbury and Alfio Candido.

Appearance filed September 5, 2001, by Attorney William Brown, in lieu of Attorney Fritzinger for Sergeant Froehlich.

Appearance filed November 20, 2001, by Attorney Erin O'Neil-Baker, for the plaintiff, in addition to Attorney Brewer.

Pursuant to Fed. Civ. R. Civ. P. 16(b), 26(f) and Local Rule 38, a conference was held on

**RECEIVED**

and the parties have circulated drafts of this report.

**Participants were as follows:**

Attorney Erin I. O'Neil-Baker for the Plaintiff.

Attorney Kevin Brady for the Defendants Town of Southbury and Alfio Condido.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### 1. Subject Matter Jurisdiction

The Defendant Town of Southbury and Alfio Candido dispute subject matter jurisdiction on the plaintiff's due process claims on the grounds that the plaintiff has not exhausted his administrative remedies before filing suit.

### 2. Personal Jurisdiction

The parties do not dispute that personal jurisdiction exists.

## III. BRIEF DESCRIPTION OF THE CASE

This action arises under Title 42 U.S.C. §1983; the First and Fourteenth Amendments to the United States Constitution; and the state common law claim of intentional infliction of emotional distress.

### 1. Claims of the Plaintiff

The Plaintiff, Kevin Burns was hired by Southbury as a police officer on November 1,

1989, which is overseen by Connecticut State Police Troop A. In early 1999, the plaintiff became

Vice President of Southbury Police Association Union, which is a member of the American

Federation of State, County, and Municipal Employees Local 15 ("Union"). In May 1999,

Southbury and the Union entered into a collective bargaining agreement that recognized the

Union as an exclusive bargaining agent for the employees of the Police Department. As part of

the Union contract with Southbury, Southbury follows the guidelines of the Administrative and

Operational Manual, a set of rules and regulations that provide for the proper operation of the

police department. The plaintiff is personally responsible for twelve (12) Union grievances

against Southbury, either on his own behalf or on behalf of Union members, which are a matter

of public concern.

The Defendant, Alfio A. Candido, Jr., ("Candido") was the duly elected First Selectman

of the Town of Southbury as well as the duly appointed Chief of Police. Candido owns an

interest in a liquor store, Southbury Package Store, located in the town of Southbury. The

Defendant, Joseph Froehlich, was a duly appointed Connecticut State Trooper as well as the duly

appointed Resident State Trooper Supervisor of the Southbury Police Department.

The plaintiff consistently leads the Southbury police force in DWI arrests, totaling over

one hundred (100) in 1999, fifty (50) in 2000, and has received nine (9) awards from Mothers

Against Drunk Driving for his efforts to curb drinking activity in Southbury. The plaintiff has

arrested a number of customers of the Southbury Liquor Store for drinking-related infractions.

Candido retaliated against the plaintiff for activities that negatively impact his liquor store.

On or about April 25, 2000, Connecticut state trooper Joseph Froehlich notified the police

department of an opportunity for an officer to be promoted to corporal. The Plaintiff met all

necessary requirements, and submitted his name for promotion. As part of the application

process, candidates for promotion must take both a written and oral examination. Each section is worth 40% of the overall evaluation. After completing the examinations, plaintiff was ranked first out of all candidates for promotion, having received the highest scores on both the oral and written examinations. The third part of the test consists of a training and experience evaluation. This accounts for 20% of the total overall evaluation. Defendant Candido conducted the third part of the evaluation. Candido based his subjective evaluation on personnel files and knowledge of the candidates. Candido illegitimately and unfairly gave the plaintiff a score of six (6) out of a maximum of twenty (20), the lowest score of all applicants. Based on the illegitimate score by Candido, plaintiff was denied promotion.

On or about July 20, 2000, the plaintiff responded to a report of an attempted suicide. The plaintiff was directed by two superior officers to arrest a Jane Doe, who was interfering with the suicide rescue. The plaintiff, having not seen the incident on the bridge, at first refused the order. The plaintiff then acquiesced, followed the order, and placed Jane Doe under arrest. After the conclusion of the John Doe incident, Colangelo commended the plaintiff on his textbook response on scene. After the conclusion of the incident, the plaintiff apologized to the two officers for questioning and then failing to follow an order immediately.

On or about July 21, 2000, Defendant Candido and Lieutenant Benjamin Chamble, commander of the state police Troop A barracks, met with Sergeant Froehlich of the Connecticut State Police, who was assigned as the resident trooper supervisor in the Southbury Police Department. Froehlich was assigned to investigate the incident between the plaintiff and Trooper Brown. Upon notifying the plaintiff of the investigation, Froehlich told the plaintiff that he might get "a couple of days off for this [alleged insubordination]." The ensuing investigation found the plaintiff in violation of four counts of the Administrative and Operational Manual,

including insubordination, improper execution of commands, improper demeanor, and violation of general directives.

On or about August 15, 2000, the Town Board of Selectmen held a meeting in which to decide the punishment for the plaintiff. The only person to address the Board was Candido, who, after outlining the case against the plaintiff, recommended a sixty (60) working day suspension. The plaintiff was not notified of this meeting, and thus was not present at the meeting to address the Board in response to the allegations. Before deciding the punishment, the Board did not hear from any witnesses. During the meeting, plaintiff was not allowed to cross-examine any witnesses. The Board took the recommendation of Candido, and suspended the plaintiff for sixty (60) working days, effective September 11, 2000. This suspension was equal to eighty eight (88) calendar days.

According to the Administrative and Operations Manual Section 5.1.3 (b)(1), the maximum allowable suspension is sixty (60) calendar days. Before the suspension of the plaintiff, the largest penalty handed out to an officer for any infraction in the Town of Southbury was ten (10) working days. The suspension was five days for insubordination, and five days for defacing of Town property. The suspension was in retaliation for the plaintiff's Union activities.

2.    **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims of the Defendants.**

The defenses the defendants have asserted include, but are not limited to, the following:

(1)    The Complaint fails to state any claims against the defendants upon which relief can be granted.

(2)    The plaintiff has failed to mitigate his damages.

(3)    The plaintiff has failed to provide notice to the Town of Southbury of his intention

to commence a suit against it.

(4)    Defendant Candido is entitled to qualified immunity, as his actions were objectively reasonable.

(5)    The plaintiff has failed to exhaust the administrative remedies available to him pursuant to his collective bargaining agreement.

(6)    The plaintiff's rights are limited by grievance and arbitration provisions contained in a collective bargaining agreement.

(7)    The defendants are entitled to governmental immunity.

(8)    The defendants are entitled to legislative immunity.

(9)    The defendants are entitled to quasi-prosectudicial immunity.

## IV.    STATEMENT OF UNDISPUTED FACTS:

The parties cannot stipulate to any facts at this time.

## V.    CASE MANAGEMENT PLAN

### A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.    Early Settlement Conference

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement potential is unknown at this time.

2.      The parties do not request an early settlement conference.

3.      The parties do not request a referral for alternative dispute resolution pursuant to Rule 36 of the local rules of civil procedure.

**D.      Joinder of Parties and Amendment of Pleading**

1.      Plaintiff should be allowed until June 30, 2004, to file motions to amend the pleading.

2.      Defendants should be allowed until June 30, 2004, to file motions to amend the pleadings.

**E.      Discovery**

1.      The parties anticipate that discovery will be needed on the following subjects: The claims set forth in the complaint, depositions of the plaintiff and named defendants, and possibly other fact and expert witnesses, support for plaintiff's charges and the personnel records of the defendants.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence by May 1, 2004, and to be completed on November 1, 2004.

3.      The parties believe that discovery should proceed without phases.

4.      The parties anticipate that the plaintiff will require a total of five (5) depositions of fact witnesses and that the defendants will require a total of five (5) depositions of fact witnesses. The depositions will commence by May 1, 2004 and be completed by November 1, 2004.

5.      The parties will not request permission to serve more than 25 interrogatories.

6.      Plaintiff does not know at this time if he will call expert witnesses at trial. If he does, plaintiff will designate all trial experts and provide opposing counsel with reports from

retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 1, 2004.

7.    Defendants do not know at this time if they will call expert witnesses at trial. If they do, defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2004.

8.    A damages analysis will be provided by any party who has a claim or counterclaims for damages by June 1, 2004.

**F.    Dispositive Motions:**

Dispositive Motions will be filed on or before December 15, 2004.

**G.    Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by a time to be designated by the court or 30 days after court's final ruling on dispositive motions.

**V.    TRIAL READINESS**

The case will be ready for trial within 90 days after the court's final ruling on dispositive motions, or as otherwise directed by the Court.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,
KEVIN BURNS

BY                                              Date: 4/20/04
        Attorney Erin O'Neil
        Fed. Bar # ct23073
        Brewer & O'Neil, LLC
        818 Farmington Avenue
        West Hartford,  CT  06119
        (860) 523-4055

DEFENDANTS,
TOWN OF SOUTHBURY AND
ALFIO A. CANDIDO

BY:                                             Date: 4/19/04
        James M. Sconzo, Esq.
        Fed. Bar #ct04571 and
        Kevin R. Brady, Esq.
        Fed. Bar # ct22135 of
        Halloran & Sage, LLP
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        (860) 522-6103