1999 WL 391097 (Conn.Super.)
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
Robert BRANDMEYER et al.,
v.
BRESCOME BARTON, INC., et al.
No. C 980148932.
June 1, 1999.

MOTION TO DISMISS # 101

PELLEGRINO.
**\*1** The plaintiffs, Robert Brandmeyer and his wife Lisa Brandmeyer have brought this three-count complaint against Brescome Barton, Inc., and Erland Parent the employer and supervisor of Robert Brandmeyer respectively, claiming they caused him to suffer emotional distress. Lisa Brandmeyer sues for loss of consortium.
Brandmeyer makes various allegations throughout his complaint against his employer and direct supervisor Parent claiming they offered illegal incentives to customers, that they ordered Brandmeyer to give illegal kickbacks and inducements and that they asked him to acknowledge false reports. Brandmeyer also charges that the defendants committed "unfair and targeted actions," unfairly reprimanded, ridiculed and harassed him and forced him to sell his family store. Although it is difficult to identify the plaintiff's claims, it seems that the first count sounds in negligence and in the negligent infliction of emotional distress against Brescome; the second count in intentional infliction of mental distress against Parent and the third count in intentional infliction of mental distress and unlawful retaliation against Brecome as well as a claim for loss of consortium.
The defendants bring this Motion to Dismiss claiming that this court lacks subject matter jurisdiction on the grounds that the action is preempted under the Labor Management Relations Act ("LMRA") and the exclusivity provisions of the Workers' Compensation Act.
"A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) *Gurliacci v. Mayer,* 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." *Upson v. State,* 190 Conn. 622, 624, 461 A.2d 991 (1983). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B. v. Ment,* 244 Conn. 296, 308, 709 A.2d 1089 (1998).
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter ..." (Internal quotation marks omitted.) *Sadloski v. Manchester,* 235 Conn. 541, 551, 610 A.2d 1260 (1992). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) *Dowling v. Slotnik,* 244 Conn. 781, 787, 712 A.2d 396 (1998).
The defendants contend that the court lacks subject matter jurisdiction over count one because the claim for negligence and the negligent infliction of emotional distress against Brescome is preempted by Section 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185(a).
**\*2** Section 301 of the LMRA provides: "Suits for violation of contracts between an

employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ..." 29 U.S.C. § 185(a). The United States Supreme Court has held that this section provides federal courts with jurisdiction over "controversies involving collective-bargaining agreements ... [and] authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." (Internal quotation marks omitted.) *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 403, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

The critical issue here is whether the claims asserted in this court can be resolved without interpreting the collective bargaining agreement. If the claims are independent of the agreement then they are not pre-empted by section 301 of the LMRA. Our Supreme Court said in *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 219, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). "We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, see *Avco Corp. v. Aero Lodge,* 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), or dismissed as pre-empted by federal labor-contract law."

It is the defendants' position that the claims for negligence do require interpretation of agreement and therefore are preempted. In *Foy v. Pratt & Whitney Group,* 127 F.3d 229 (2d Cir.1997), the second circuit reversed the District Court that held that where the parties were covered by a collective bargaining agreement, the nature and scope of the duty owed in a negligence claim "[arose] out of and ... [were] circumscribed by the collective bargaining agreement ..." that appellate court found that "[r]eference to the [collective bargaining agreement] ... may be needed, but state law will play no part in determining what the parties agreed to in the [collective bargaining agreement] ..." *Id.,* 235. See also *Hernandez v. Conriv Realty Associates,* 116 F.3d 35, 38-9 (2d Cir.1997) (a state law claim is not preempted when the meaning of a contract term is not in dispute). Brescome and Parent make two preemption arguments; that all negligence claims relating to the terms and conditions of employment are preempted when the parties are covered under a collective bargaining agreement and; that the duty owed by Brescome to Robert Brandmeyer in a negligent infliction of emotional distress claim cannot be determined without interpretation of the collective bargaining agreement.

*\*3* The defendants' claim for negligent infliction of emotional distress should be dismissed because a resolution of this claim would necessitate the interpretation of the collective bargaining agreement. They argue that one cannot know the duty owed in an emotional distress claim to Robert Brandmeyer by his employer without first consulting the bargaining agreement.

To prevail on a claim for negligent infliction of emotional distress, Robert Brandmeyer must show that "the defendant[s] should have realized that ... [their] conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) *Kilduff v. Adams, Inc.,* 219 Conn. 314, 325, 593 A.2d 478 (1991). With regard to a claim for negligent infliction of emotional distress, Brescome's duty to Robert Brandmeyer does not arise out of the collective bargaining agreement. "[A] claim for unintentional infliction of emotional distress does not require the court to determine whether the defendant's conduct exceeded the bound of the collective bargaining agreement ..." *Bimler v. Stop & Shop Supermarket Co.,* 965 F.Supp. 292, 301 (D.Conn.1997), quoting *Dulay v. United Technologies Corp.,* No. 3:93-CV-2020(JAC), 1994 WL 362149 (D.Conn.1994). Brescome's duty exists if it was foreseeable that Brescome's actions would cause Robert Brandmeyer harm. See *Kilduff v. Adams, Inc., supra,* 219 Conn. 325.

Brescome and Parent next argue that the plaintiff's claim should be dismissed because it is barred by the exclusivity provision of the Workers' Compensation Act. General Statutes § 31-284(a). Section 31-284(a) prohibits one from bringing "any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment ..." General Statutes § 31-284(a). Section 31-275(16)(B)

of the Workers' Compensation Act further provides that "[p]ersonal injury ... shall not be construed to include ... [a] mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease ..." (Internal quotation marks omitted.) General Statutes § 31-275(16)(B). It is apparent from the language of the statute that the exclusivity provision of the Worker's Compensation Act does not apply to a suit for mental or emotional distress. See General Statutes § 31-275(16)(B); Malik v. Carrier Corp., 986 F.Supp. 86, 92 n. 6 (D.Conn.1997); Bennett v. Beiersdorf, Inc., 889 F.Supp. 46, 50-51 (D.Conn.1995). Brandmeyer's claim is not prohibited by Section 31-284(a) of the Workers' Compensation Act.

In Count two, Brandmeyer alleges intentional infliction of emotional distress against Parent was also preempted by Section 301 of the LMRA. 29 U.S.C. § 185(a).

*4 To prevail on a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991).

Brescome and Parent argue that a determination that Parent's actions were outrageous or in reckless disregard for Robert Brandmeyer's welfare will require interpretation of the collective bargaining agreement. Brescome and Parent rely upon Baker v. Farmers Elec. Cooperative, Inc., 34 F.3d 274, 277 (5th Cir.1994), [FN1] which held that the employee's intentional infliction of emotional distress claim arising out of an employer's decision to reassign the employee was preempted. See also Ellis v. Lloyd, 838 F.Supp. 704, 707- 08 (D.Conn.1993) (intentional infliction of emotional distress claim preempted when based upon employment grievances filed against the plaintiff); Anderson v. Coca Cola Bottling Co., 772 F.Supp., 77, 82 (D.Conn.1991) (an employee's claim for intentional infliction of emotional distress based on warnings by his supervisor was preempted); but see Vorvis v. Southern New England Telephone Co., 821 F.Supp. 851, 853-55 (D.Conn.1993) (employee's intentional infliction of emotional distress claim not preempted where supervisor mistreated the plaintiff by verbal abuse, false statements about her job performance and unfair discipline); Claps v. Moliterno Stone Sales, Inc., 819 F.Supp. 141, 154 (D.Conn.1993) (employee's intentional infliction of emotional distress claim not preempted where supervisor and superintendent engaged in a series of demeaning and abusive practices).

> FN1. Parent and Brescome also rely upon *McCormick v. AT & T Technologies, Inc., supra,* 934 F.3d 531. It is submitted that this case is not applicable to the present case for the reasons stated in part I of this memorandum.

An analysis of the case law reveals that preemption of claims for intentional infliction of emotional distress depends upon the alleged facts underlying the plaintiff's claim. See *Ellis v. Lloyd, supra,* 838 F.Sup. 708-09. [FN2]

> FN2. "The claims asserted here are significantly different from tort claims which have escaped the pre-emptive sweep of Section 301." *Ellis v. Lloyd, supra,* 838 F.Sup. 708.

In the present case, Robert Brandmeyer alleges several abusive practices in connection with his employment. He alleges that he was wrongfully reprimanded for unjust reasons.

He alleges that Parent harassed and humiliated him. He further alleges that Parent attempted to have him write false statements about his work performance, and attempted to force Robert Brandmeyer to break Connecticut liquor sales laws. Robert Brandmeyer also alleges that Parent and Goldstein ridiculed and demeaned him. These allegations are factual in nature and do not depend upon interpretation of the collective bargaining agreement to determine if the alleged conduct is "outrageous." See *Vorvis v. Southern New England Telephone Co., supra,* 821 F.Sup. 853-55. Accordingly, Robert Brandmeyer's claim for intentional infliction of emotional distress is not preempted by Section 301 of the LMRA. 29 U.S.C. § 185(a).

*5 In Count three Paragraph 7 the plaintiff Brandmeyer alleges that his "whistleblowing" was the cause of his criticism and reprimands. The defendants argue that this claim as well should be preempted. The Supreme court in *Lingle v. Norge Division of Magic Chef, Inc., supra,* 486 found that the questions to be resolved in connections with this type of claim pertained to the conduct of the motivation of the employer and these were purely factual inquiries that did not turn on the meaning of a provision of the bargaining agreement. *Id*.

Finally the defendants argue that Lisa Brandmeyer's claim is derivative of Robert Brandmeyer's claim, which has no legal viability. "[A] cause of action for the loss of consortium is derivative of the injured spouse's cause of action ... But although it is derivative, it is still a separate cause of action, dependent for its assertion on the legal viability of the cause of action in the injured party." (Citations omitted; internal quotation marks omitted.) *Champagne v. Raybestos-Manhattan, Inc.,* 212 Conn. 509, 563-64, 562 A.2d 1100 (1989). Since the court has found that Brandmeyer's claim is viable the plaintiff Lisa Brandmeyer's claim should not be dismissed.

For all of the reasons stated above the court will deny the defendant's Motion to Dismiss.

Conn.Super.,1999.
Brandmeyer v. Brescome Barton, Inc.
1999 WL 391097 (Conn.Super.)
END OF DOCUMENT