LABOR DEPARTMENT
CONNECTICUT STATE BOARD OF LABOR RELATIONS

In the matter of

**Town of Southbury**
                  (Respondent)

-and-                                Case No. 22,751

**Southbury Police Union Local # , and
Council #15, AFSCME, AFL-CIO**
                  (Complainant)

Address of Respondent    **Southbury Town Hall, Southbury, CT**

## COMPLAINT

Pursuant to Section 7-471(4) of the Municipal Employee Relations Act the undersigned alleges that the above-named Respondent has engaged in and is engaging in prohibited practices within the meaning of Section 7-470 of said Act, in that: (Please provide a clear and concise description of the acts which are claimed to constitute prohibited practices including an enumeration of the subdivisions of Section 7-470 claimed to have been violated and a statement of relief to which the complainant deems himself entitled.) Failure to provide such specificity may result in the complaint being returned without investigation.

1. The Town of Southbury (the "Town") is a municipal employer within the meaning of the Act.

2. Southbury Police Union Local #, Council # 15, AFSCME (the "Union") is an Employee Organization within the meaning of the Act.

3. At all times relevant hereto, the Union and the Town have been parties to a collective bargaining agreement.

4. In an effort to fill vacant slots within the police department, the Town has hired an additional resident state trooper to perform police functions in Town, and to supervise the dwindling Town police department. The staff of 3 resident troopers have performed and are performing police functions which have historically been performed by union members;

5. Said act of the Town, designed to systematically and intentionally eliminate the bargaining unit and its personnel through subcontracting of bargaining unit work, is in violation of the following sections of the Act:

    a. 7-468 and 7-470(a)(1), in that the Town is hindering its employees from continuing to bargain collectively, and from retaining their rights to collectively bargain with the Town by intentionally attempting to eliminate the bargaining unit through the subcontracting of bargaining unit work;

    b. 7-470(a)(2) in that the Town is attempting to disband and eliminate the union by refusing to fill vacant police department slots with bargaining unit members, instead filling those slots with non-bargaining unit state police personnel;

    c. 7-470(a)(4) in that the Town, by attempting to eliminate the bargaining unit and the work of the bargaining unit, and by subcontracting bargaining unit work to the Connecticut State Police, is refusing to bargain collectively in good faith with the union;

**REMEDY SOUGHT:**

Plaintiff's Exhibit 13

1. Order requiring the Town to cease and desist from unilaterally subcontracting bargaining unit work to non-bargaining unit personnel;

2. Order requiring the Town to comply with the requirement of the Act;

3. Reimbursement of all costs and fees incurred by the Union in processing the Complaint;

4. Make all affected parties whole;

5. Any other remedy deemed appropriate by the Board.

Subscribed and sworn to before me

This _____ day of _____

**Southbury Police Union Local,**
**Council #15, AFSCME, AFL-CIO**
(Complainant)

_____
Notary Public
~~Justice of the Peace~~
~~Commissioner of Superior Court~~

_____
Signature
**Eric R. Brown, Staff Attorney**
**Council #15, AFSCME, AFL-CIO**
**290 Pratt Street**
**Meriden, CT  06450**
**203-237-2250**

## CERTIFICATION OF SERVICE

I hereby certify that, pursuant to Section 7-471-20 of the Connecticut General Regulations, a copy of the foregoing is mailed to the Respondent by certified mail.

**Certified Mail No. Z 561 654 515**

_____
Eric R. Brown, Staff Attorney

\\New\towns\Southbury\MPPs\3rd trooper\complaint #286.wpd